```
                                                              FILED
    UNITED STATES DISTRICT COURT FOR THE                  ASHEVILLE, N. C.
        WESTERN DISTRICT OF NORTH CAROLINA
               ASHEVILLE DIVISION                           AUG 29 2005

              DOCKET NO. 1:05CR26                         U.S. DISTRICT COURT
                                                          W. DIST. OF N. C.
```

UNITED STATES OF AMERICA,    )
                                           )
       Plaintiff,              )
                                         )       **PRELIMINARY ORDER**
v.                                     )       **OF FORFEITURE**
                                         )
ANTHONY QUINN EDGERTON    )
and                                   )
APRIL DENISE EDGERTON     )
WILKERSON                    )
                                       )
       Defendants.            )

As a result of the guilty pleas of both defendants to the violations stated in the single count in the Bill of Indictment, for which the United States sought forfeiture pursuant to 21 U.S.C. § 853, the defendants shall forfeit to the United States all property constituting or derived from any proceeds the defendants obtained, directly or indirectly, as a result of such violations; and/or all property used or intended to be used in any manner or part to commit or facilitate the commission of the violations.

The Court has determined, based on the Bill of Indictment and the guilty pleas of the defendants, that the following property is subject to forfeiture pursuant to 21 U.S.C. § 853 and that the government has established the requisite nexus between such property and such violations:

    – $2,000.00 in United States currency
    – a 1994 BMW automobile VIN # WBACB4326RFM00745
    – real property located at 339 Maple Creek Road, Rutherfordton, North Carolina, as

recorded in the Rutherford County, North Carolina, Registry of Deeds Office in Deed Book 831, Page 784.

It is therefore ORDERED:

1. The following property is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. § 853(n):

– $2,000.00 in United States currency
– a 1994 BMW automobile VIN # WBACB4326RFM00745
– real property located at 339 Maple Creek Road, Rutherfordton, North Carolina, as recorded in the Rutherford County, North Carolina, Registry of Deeds Office in Deed Book 831, Page 784.

2. The Attorney General (or his designee) is authorized to seize the forfeited property subject to forfeiture; to conduct any discovery proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third party rights. Fed. R. Crim. P. 32.2(b)(3).

3. Pursuant to 21 U.S.C. § 853(n)(1), the government shall publish at least once a week for three successive weeks in *The Daily* Courier, Forest City, Rutherford County, a newspaper of general circulation, notice of this order and of its intent to dispose of the property in such manner as the United States may direct. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this order of forfeiture, as a substitute for published notice as to those persons so notified.

4. Any person, other than the defendants, having or claiming a legal interest in any of the above-listed forfeited property may, within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of the petitioner's alleged interest in the property, and for an amendment

2

of the order of forfeiture pursuant to 21 U.S.C. § 853(n). The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; and any additional facts supporting the petitioner's claim and the relief sought. 21 U.S.C. §§ 853(n)(2) and (3).

5. After the disposition of any motion filed under Fed. R. Crim P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

6. This Preliminary Order of Forfeiture shall become final as to the defendants at the time of sentencing and shall be made part of the sentence and included in the judgement. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

7. Upon adjudication of third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32(c)(2).

8. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

This the 19th day of August, 2005.

LACY H. THORNBURG
UNITED STATES DISTRICT JUDGE

3