# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## Civil Case No. 1:12-cv-00225-MR
## [Criminal Case No. 1:05-cr-00026-MR-1]

ANTHONY QUINN EDGERTON, )
)
      Petitioner, )
)
vs. ) <u>O R D E R</u>
)
UNITED STATES OF AMERICA, )
)
      Respondent. )
)

**THIS MATTER** is before the Court on an initial review of Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. 1], filed on July 30, 2012; and counsel's Supplement to *Pro Se* Motion to Vacate [Doc. 4], filed on February 7, 2013. No response is necessary from the Government. For the reasons that follow, Petitioner's Section 2255 motion will be denied and dismissed, and his alternative claims for relief as set forth in counsel's supplemental briefing will be denied.

**I.**    **BACKGROUND**

On April 10, 2006, Petitioner was sentenced to 226 months' imprisonment following his conviction on one count of conspiracy to

possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846 & 841(a)(1). [Criminal Case No. 1:05-cr-00026-MR-1, Doc. 38: Judgment in a Criminal Case at 1-2]. Petitioner did not file an appeal from this criminal judgment.

On July 30, 2012, the Clerk of Court docketed Petitioner's *pro se* Section 2255 motion challenging his sentence. Petitioner contends that he is entitled to relief based on the Fourth Circuit's opinion in <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011) (*en banc*). Petitioner argues that based on the holding in <u>Simmons</u>, which is discussed below, he is entitled to have his sentence vacated and to be resentenced without consideration of his prior state drug convictions. In the Supplement to the Motion to Vacate, Petitioner's counsel asserts alternative claims for relief that will be addressed herein.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an

2

evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. Section 2255 Proceeding

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner did not file a direct appeal from his criminal judgment, and the judgment therefore became final on April 24, 2006, or ten business days after the entry of judgment. See Fed. R. App. P. 4(b) (2006). Petitioner appears to contend that his Section 2255 is timely under either § 2255(f)(3) or (f)(4) based on the fact that it was filed within one year of the Fourth Circuit's *en banc* opinion in Simmons. Petitioner's filing, however, is not timely under Section 2255(f)(4). That subsection provides that a petition may be filed within one year after "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2252(f)(4). Petitioner asserts that the holding in Simmons – i.e., that the predicate felony used to support his enhanced sentence is no longer a qualifying felony – constitutes a new "fact," triggering the re-opening of the one-year time prior. "Facts," as that term is used in Section 225(f)(4), however, refers to an actual or alleged event or circumstances, not to the date a petitioner recognizes its legal significance. See United States v. Pollard, 416 F.3d 48, 55 (D.C. Cir. 2005). Section 2255(f)(4), therefore, may not be used to re-open the time period for filing an initial Section 2255 petition on the basis of new legal authority; rather "subsequent interpretations of the law 'can be

4

the basis of delay in filing a § 2255 motion only in accordance with § 2255(f)(3).'" Sun Bear v. United States, 644 F.3d 700, 702 n.5 (8th Cir. 2011) (*en banc*) (quoting district court opinion).

Petitioner's claim also is not timely under (f)(3) because that subsection requires filing within one year of a new Supreme Court precedent that is made retroactive to cases on collateral review. Simmons is a decision of the Fourth Circuit, not the Supreme Court, and while the rationale of Simmons was based on the Supreme Court's ruling in Carachuri-Rosendo v. Holder, ___ U.S. ___, 130 S. Ct. 2577, 177 L.Ed.2d 68 (2010), the Fourth Circuit has held that Carachuri-Rosendo does not apply retroactively to cases on collateral review. See United States v. Powell, 691 F.3d 554, 560 (4th Cir. 2012); ("Because the Supreme Court's decision in Carachuri at most altered the procedural requirements that must be followed in applying recidivist enhancements and did not alter the range of conduct or the class of persons subject to criminal punishment, we hold that Carachuri is a procedural rule. It is, therefore, not retroactively applicable to cases on collateral review."); see also United States v. Wheeler, No. 11-6643, 2012 WL 5417557, at *1 (4th Cir. filed Nov. 7, 2012) (unpublished) (noting that "Wheeler's claim for retroactive application of [Carachuri and our opinion in Simmons] fails in light our recent opinion in

[Powell]."); United States v. Walker, No. 11-6660, 2012 WL 5359506, at *1 (4th Cir. filed Nov. 1, 2012) (unpublished) (holding that "Carachuri claims may not be raised retroactively in collateral proceedings.").[1] Since Simmons and Carachuri-Rosendo have no retroactive application to cases on collateral review, these cases avail Petitioner nothing. Petitioner's claim is without merit and must be dismissed.

### B. Section 2241 Relief

Petitioner filed a petition under 28 U.S.C. § 2241 as an alternative claim for relief. This petition will be denied. A petitioner seeking to attack his conviction or sentence must file a motion under § 2255 unless this remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit has concluded that the remedy under § 2255 is "in adequate or ineffective" only when:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the

---

[1] In any event, Petitioner did not file his Motion to Vacate until more than one year after the Supreme Court's decision in Carachuri-Rosendo.

6

substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not of one of constitutional law.

Jones, 226 F.3d at 333-34.

As such, a challenge under Section 2241 must be addressed to the legality of the conviction. In the present case, Petitioner does not raise a challenge to the legality of his conviction. Instead, Petitioner challenges the length of his sentence of imprisonment as having been enhanced in a manner inconsistent with the Fourth Circuit's current interpretation of North Carolina's Structured Sentencing Act. For these reasons, Petitioner's claim does not come within the purview of Section 2241 as outlined in Jones, and this claim must be dismissed.[2]

### C. *Coram Nobis* Relief

Petitioner contends that if he is denied relief pursuant to Section 2241 or Section 2255 he should be entitled to relief through a writ of *coram nobis*. Relief pursuant to a writ of *coram nobis* is limited to petitioners who are no longer in custody on their conviction. See Carlisle v. United States,

---

[2] The Court notes that despite the presence of his prior state drug convictions, Petitioner still received a sentence within the maximum authorized by law. See 21 U.S.C. § 841(b) (providing for an unenhanced sentencing range of not less than 10 years and not more than life imprisonment). In this instance, relief under Section 2255 is limited to a challenge to a sentence that is "in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

7

517 U.S. 416, 428-29, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996); see also United States v. Orocio, 645 F.3d 630, 634 n.4 (3d Cir. 2011) ("The writ of error coram nobis 'is used to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and he is no longer in custody for purposes of 28 U.S.C. § 2255.'"). Petitioner is still in custody. Therefore, he is not entitled to *coram nobis* relief, and this claim must be dismissed.

### D. Petition for a Writ of *Audita Querela*

In his final claim for relief, Petitioner contends that he should be entitled to a writ of *audita* querela. Such writ is unavailable to a petitioner who may otherwise challenge his conviction or sentence by way of a Section 2255 motion. "A writ of *audita querela* is not available to a petitioner when other avenues of relief are available, such as a motion to vacate under § 2255." In re Moore, 487 F. App'x 109, 109 (4th Cir. 2012) (per curiam) (citing United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002), and United States v. Johnson, 962 F.2d 579, 582 (7th Cir. 1992) (noting that relief under this writ is unavailable to a petitioner who could raise his claim pursuant to Section 2255 motion)). As discussed above with regard to Petitioner's Section 2241 claim, Petitioner was able to challenge his sentence through a motion under Section 2255. As such, he

8

does not qualify for relief pursuant to a writ of *audita querela* for the same reasons he is not entitled to relief under Section 2241. Therefore, this claim must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Section 2255 Motion will be denied and dismissed. Further, Petitioner's alternative claims for relief as stated in the Supplement to Petitioner's Section 2255 Motion are also denied.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## O R D E R

**IT IS, THEREFORE ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that the alternative claims for relief set forth in Petitioner's Supplement to Section 2255 Motion [Doc. 4] are **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**　　　Signed: May 29, 2013

Martin Reidinger
United States District Judge